hellums 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-115-CR





ALLEN RAY HELLUMS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT



NO. 90-122, HONORABLE CHARLES RAMSAY, JUDGE PRESIDING



 




 A jury found Allen Ray Hellums guilty of aggravated sexual assault of a child and
assessed punishment at five years imprisonment and a $1000 fine. See Tex. Penal Code Ann.
§ 22.021 (1989). We will affirm the conviction.



BACKGROUND


 Hellums sexually assaulted his cousin, J.H., at their grandparents' home in
November 1987. J.H., who was six years old at the time of the assault, did not discuss the
incident with anyone until January 1989, when she told her minor sister. The sister immediately
reported J.H.'s outcry to their father. The father took J.H. to a counselor the next day, and then
reported the assault to the Department of Human Services and to the Caldwell County Sheriff's
Department. Hellums was convicted in January 1991. He now challenges that conviction. 


DISCUSSION AND HOLDING


 In his first point of error, Hellums argues that the trial court erred by failing to
include a requested instruction in the jury charge. At trial, Hellums's attorney orally requested
the court to instruct the jury that "the time lapse between the alleged offense and the time it was
reported shall be considered by the jury for the purpose of assessing the weight to be given to the
testimony of the victim." 

 The Texas Code of Criminal Procedure states that:



A conviction under Chapter 21, Section 22.011, or Section 22.021, Penal Code,
is supportable on the uncorroborated testimony of the victim of the sexual offense
if the victim informed any person, other than the defendant, of the alleged offense
within six months after the date on which the offense is alleged to have occurred. 
The requirement that the victim inform another person of an alleged offense does
not apply if the victim was younger than 14 years of age at the time of the alleged
offense. The court shall instruct the jury that the time which lapsed between the
alleged offense and the time it was reported shall be considered by the jury only
for the purpose of assessing the weight to be given to the testimony of the victim.


Tex. Code Crim. Proc. Ann. art. 38.07 (Supp. 1992) (emphasis added). Thus, article 38.07
explicitly excepts victims younger than fourteen from the statute's corroboration or outcry
requirement. See Scoggan v. State, 799 S.W.2d 679, 682-83 (Tex. Crim. App. 1990). 

 It is undisputed that J.H. was six years old at the time of the alleged offense. 
Hellums would have us find that article 38.07 requires the trial court to instruct the jury to
consider the victim's delay in reporting the assault even though J.H. was exempt from the statute's
outcry requirement. We believe it would be an illogical reading of this statute to exclude young
assault victims from the outcry requirement but still require a jury instruction regarding the delay
between occurrence of the crime and the outcry.

 Since corroboration or outcry is not required in this case, we conclude that the trial
court did not err in dissallowing the instruction. See Gray v. State, 726 S.W.2d 640, 644 (Tex.
App. 1987, no pet.). Accordingly, we overrule this point of error.

 In a second point of error, Hellums contends that the evidence presented at trial was
legally insufficient to support the jury's verdict because the only evidence that Hellums committed
the sexual assault was the uncorroborated testimony of the six-year-old victim. Hellums argues
that if the trial court had given the instruction complained of in the first point of error, the jury
would have concluded on its own that the evidence was insufficient.

 J.H. testified at trial, identified Hellums as her assailant, and described how he
penetrated her vagina with his finger. Other witnesses were:  (1) J.H.'s father; (2) J.H.'s 
grandmother, who testified that J.H. was likely to exaggerate or fabricate stories; (3) Javier
Garcia, a child protective services specialist with the Texas Department of Human Services; and
(4) Hellums's sister, who testified on his behalf. The jury, as sole judge of the facts and the
credibility of the witnesses, can believe or disbelieve any witness or any portion of the testimony. 
Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

 Article 38.07 plainly states that even in the absence of an outcry statement, the
victim's uncorroborated testimony supports a conviction under Penal Code section 22.021 if the
victim was younger than fourteen years old at the time of the offense. See Tex. Code Crim. Proc.
Ann. art. 38.07 (Supp. 1992). Moreover, the testimony of a sexual assault victim alone is
sufficient evidence of penetration to support a conviction, even if the victim is a child. Villanueva
v. State, 703 S.W.2d 244, 245 (Tex. App. 1985, no pet.). Thus, even if J.H. had been the only
witness at trial, her testimony regarding the assault is a sufficient basis on which this Court can
uphold Hellums's conviction. 

 When reviewing a challenge to the legal sufficiency of the evidence to support a
conviction, the appellate court must determine whether, viewing the evidence in the light most
favorable to the conviction, any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Butler v.
State, 769 S.W.2d 234, 239 (Tex. Crim. App. 1989). We hold that the record contains sufficient
evidence in the form of J.H.'s testimony to sustain Hellums's conviction. Because we ruled in
the first point of error that the jury was properly instructed, it is irrelevant that the jury may have
reached a different conclusion if given the requested instruction. We overrule the second point
of error.

 In his third point of error, Hellums argues that the evidence is insufficient to
support the punishment assessed by the jury because the State offered no additional evidence
during the punishment phase of the trial. Hellums cites no authority for this theory and we are
not aware of any such authority. Hellums does not argue that his sentence is outside the range
of punishment for this crime. (1) Given our holding that the evidence is sufficient to sustain the
conviction, we also conclude that the evidence is sufficient to sustain the sentence. Accordingly,
we overrule this point of error.



 DISPOSITION


 We affirm the trial-court judgment. 




 

 Jimmy Carroll, Chief Justice

[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Affirmed

Filed: June 3, 1992

[Publish]
1. An offense under section 22.021 is a felony of the first degree. Tex. Penal Code Ann.
§ 22.021(e) (1989). A person adjudged guilty of a first degree felony shall be punished by
confinement in the Texas Department of Corrections for life or for any term of not more than
ninety-nine years or less than five years. Id. § 12.32(a) (Supp. 1992). In addition to
imprisonment, the individual may be punished by a fine not to exceed $10,000. Id. § 12.32(b)
(Supp. 1992).