TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00260-CR






Blane Elmer Delone, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT


NO. A-97-0027-S, HONORABLE DICK ALCALA, JUDGE PRESIDING







 Appellant Blane Elmer Delone was convicted of attempted indecency with a child. 
See Tex. Penal Code Ann. §§ 15.01(a), 21.11(a)(1), 21.01(2) (West 1994). On January 28, 1998,
the trial judge assessed a $10,000 fine and a ten-year prison sentence. Appellant brings two points
of error: (1) the evidence supporting the judgment was legally insufficient because the State failed
to prove the requisite element of intent, and (2) the evidence was factually insufficient for the same
reason. We will overrule appellant's points of error and affirm the judgment.


THE CONTROVERSY

 On Sunday, November 17, 1996, M.W. (1) spent the night with her aunt. Appellant,
a friend of the aunt, had volunteered to babysit. Some time during the night, M.W. testified, 
appellant came into the bedroom, reached under the bed covers, put his hand inside her pajama
pants, and touched her buttocks. M.W. testified that she moved and appellant stopped touching
her. The next day M.W. told her mother about this occurrence, and the two then reported the
incident to the police.


DISCUSSION AND HOLDINGS In his first point of error, appellant challenges the legal sufficiency of the evidence. 
The evidence must be legally sufficient to support a criminal conviction. See Jackson v. Virginia,
443 U.S. 307, 318-319 (1979); Stone v. State, 823 S.W.2d 375, 379 (Tex. App.--Austin 1992,
pet. dism'd untimely filed). The test for legal sufficiency of the evidence is whether any rational
trier of fact could have found the essential elements of the offense beyond a reasonable doubt,
viewing the evidence in the light most favorable to the prosecution. See Jackson, 443 U.S. at 319. 
This standard is the same for both direct and circumstantial evidence. See Geesa v. State, 820
S.W.2d 154, 162 (Tex. Crim. App. 1991).

 In his second point of error, appellant challenges the factual sufficiency of the
evidence that underlies his conviction. This Court has jurisdiction to review claims of factual
insufficiency under state constitutional law. Stone, 823 S.W.2d at 379-80. In reviewing factual
sufficiency questions, we consider all the relevant evidence, not just the evidence that supports the
verdict. Reina v. State, 940 S.W.2d 770, 773 (Tex. App.--Austin 1997, pet. ref'd). The court
can disagree with a jury's verdict, even in the face of evidence that supports the jury's decision. 
Reina, 940 S.W.2d at 773. The court must show due deference to the jury's decision, however,
and will set aside the verdict only if it is so contrary to the overwhelming weight of the evidence
as to be clearly wrong and unjust. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).

 To constitute an attempt, there must be an act performed with the intent to commit
a crime. See Gibbons v. State, 634 S.W.2d 700, 705 (Tex. Crim. App. 1982). The actor's
conduct must progress beyond mere preparation and must tend to effect the commission of the
crime. Id. It is not, however, necessary that the actor be caught before the last possible event
preceding completion of the offense. See McCravy v. State, 642 S.W.2d 450, 460 (Tex. Crim.
App. 1980) (op. on reh'g). (2)

 A person commits the offense of attempted indecency with a child by contact if he
or she attempts to engage in sexual contact with a child who is younger than seventeen years and
not his or her spouse. Tex. Penal Code Ann. §§ 15.01(a), 21.11(a)(1) (West 1994). Sexual
contact is defined as "any touching of the anus, breast, or any part of the genitals of another
person with intent to arouse or gratify the sexual desire of any person." Id. § 21.01(2). Both of
appellant's arguments turn on whether the State proved appellant had the requisite intent set out
in Texas Penal Code sections 15.01(a) and 21.01(2). Appellant argues that the State did not prove
an "intent to arouse and gratify the sexual desire of any person."

 A defendant's intent to arouse or gratify his sexual desire may be inferred from the
defendant's conduct, his remarks, and the attendant circumstances. See Ranson v. State, 707
S.W.2d 96, 97 (Tex. Crim. App. 1986). Furthermore, Texas appellate courts have held that the
testimony of the child alone is sufficient to uphold a sexual-assault conviction. See Hellums v.
State, 831 S.W.2d 545, 547 (Tex. App.--Austin 1992, no pet.); Washington v. State, 930 S.W.2d
695, 701 (Tex. App.--El Paso 1996, no pet.); Gerhardt v. State, 935 S.W.2d 192 (Tex.
App.--Beaumont 1996, no pet.). 

 In Hellums, the jury found the defendant guilty based on the testimony of a six-year
old boy, and the corroborating testimony of his father, his grandmother, and a child protective
services specialist. Hellums, 831 S.W.2d at 546-547. The jury came to this conclusion despite
a year and two-month gap between the incident and the child's first report of the incident. Id. at
546. We upheld the jury's verdict. Id. at 547. In Washington, a five-year old boy testified to
being fondled by the defendant. Washington, 930 S.W.2d at 697. Even though his story changed
and he was the only witness who could testify to the fondling, the jury chose to believe him and
the appellate court upheld the jury's verdict. Id. at 701. In Gerhardt, only the child testified to
the act (she stated the defendant touched her breasts and pubic area). Gerhardt, 935 S.W.2d at
194. The jury believed the child and not the defendant, who denied any culpable act, and the
defendant was convicted. Gerhardt, 935 S.W.2d at 195. In all three cases the jury inferred the
defendant's specific intent from the testimony of the children and the attendant circumstances.

 In the instant case, M.W. testified that appellant came into the room where she was
sleeping, moved close to the bed, put his hand under the covers, reached inside her pajama pants,
and placed his hand on her buttocks. M.W.'s mother and aunt testified that M.W. acted unusual
the next morning; that she never wore the pajama pants again; and that appellant appeared "teary-eyed" and "scared" when the aunt, appellant's high school friend, confronted him. In view of
Hellums, Washington, and Gerhardt, we believe a rational trier of fact could infer from the
evidence that appellant touched M.W.'s buttocks with the intent to arouse or sexually gratify
himself. We overrule the first point of error.

 In addressing factual sufficiency we must assess the facts of the case and balance
our assessment with due deference to the jury's verdict. There are often no independent
eyewitnesses in cases of this kind; the jury's decision must be based largely on an evaluation of
the credibility of the complainant and the accused. See Chambers v. State, 805 S.W.2d 459, 461
(Tex. Crim. App. 1991). Appellant's sole witness was a woman who shared working space with
the aunt. She stated that she had not seen any of the aunt's male visitors appear teary-eyed. 
Juxtaposed against the testimony of M.W., her mother, and her aunt, this testimony does not
constitute "overwhelming evidence" that justifies overturning the jury's verdict as unjust.

 We overrule the second point of error and affirm the judgment.



 

 John E. Powers, Justice

Before Chief Justice Aboussie, Justices Kidd and Powers*

Affirmed

Filed: March 18, 1999 

Do Not Publish



* Before John E. Powers, Senior Justice, (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. M.W. was twelve at the time of trial.
2. We note that the statute defining sexual contact refers to any touching of the anus, breast or
any part of the genitals. Tex. Penal Code Ann. § 21.01(2) (West 1994). The jury must have
believed that Delone's touching the child's buttocks was an attempt to touch her anus or genitals.



use or gratify his sexual desire may be inferred from the
defendant's conduct, his remarks, and the attendant circumstances. See Ranson v. State, 707
S.W.2d 96, 97 (Tex. Crim. App. 1986). Furthermore, Texas appellate courts have held that the
testimony of the child alone is sufficient to uphold a sexual-assault conviction. See Hellums v.
State, 831 S.W.2d 545, 547 (Tex. App.--Austin 1992, no pet.); Washington v. State, 930 S.W.2d
695, 701 (Tex. App.--El Paso 1996, no pet.); Gerhardt v. State, 935 S.W.2d 192 (Tex.
App.--Beaumont 1996, no pet.). 

 In Hellums, the jury found the defendant guilty based on the testimony of a six-year
old boy, and the corroborating testimony of his father, his grandmother, and a child protective
services specialist. Hellums, 831 S.W.2d at 546-547. The jury came to this conclusion despite
a year and two-month gap between the incident and the child's first report of the incident. Id. at
546. We upheld the jury's verdict. Id. at 547. In Washington, a five-year old boy testified to
being fondled by the defendant. Washington, 930 S.W.2d at 697. Even though his story changed
and he was the only witness who could testify to the fondling, the jury chose to believe him and
the appellate court upheld the jury's verdict. Id. at 701. In Gerhardt, only the child testified to
the act (she stated the defendant touched her breasts and pubic area). Gerhardt, 935 S.W.2d at
194. The jury believed the child and not the defendant, who denied any culpable act, and the
defendant was convicted. Gerhardt, 935 S.W.2d at 195. In all three cases the jury inferred the
defendant's specific intent from the testimony of the children and the attendant circumstances.

 In the instant case, M.W. testified that appellant came into the room where she was
sleeping, moved close to the bed, put his hand under the covers, reached inside her pajama pants,
and placed his hand on her buttocks. M.W.'s mother and aunt testified that M.W. acted unusual
the next morning; that she never wore the pajama pants again; and that appellant appeared "teary-eyed" and "scared" when the aunt, appellant's high school friend, confronted him. In view of
Hellums, Washington, and Gerhardt, we believe a rational trier of fact could infer from the
evidence that appellant touched M.W.'s buttocks with the intent to arouse or sexually gratify
himself. We overrule the first point of error.

 In addressing factual sufficiency we must assess the facts of the case and balance
our assessment with due deference to the jury's verdict. There are often no independent
eyewitnesses in cases of this kind; the jury's decision must be based largely on an evaluation of
the credibility of the complainant and the accused. See Chambers v. State, 805 S.W.2d 459, 461
(Tex. Crim. App. 1991). Appellant's sole witness was a woman who shared working space with
the aunt. She stated that she had not seen any of the aunt's male visitors appear teary-eyed. 
Juxtaposed against the testimony of M.W., her mother, and her aunt, this testimony does not
constitute "overwhelming evidence" that justifies overturning the jury's verdict as unjust.

 We overrule the second point of error and affirm the judgment.