NO. 12-02-00050-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


LEONARD ALEXANDER,
§
 APPEAL FROM THE 241ST

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION


 Leonard Alexander ("Appellant") was convicted for aggravated sexual assault of a child, and
sentenced to sixty years of imprisonment. In three issues, Appellant challenges the legal and factual
sufficiency of the evidence, and asserts a due process violation. We affirm.


Background

 Appellant lived with his wife, Paula Alexander ("Alexander"), who had several adult children
and one minor child, A.C. A.C., a female child, is the victim in this case. She resided with
Appellant and Alexander, Appellant's son, Alexander's adult daughter, Shunlon Johnson
("Johnson"), and three grandchildren. A.C. was eight years old at the time of the assault.

 On April 18, 2001, Alexander drove Johnson to a friend's house and left Appellant in charge
of the children. When Alexander and Johnson left, all the children were playing outside. They
returned unexpectedly just minutes later, however, and A.C. was not outside with the other children.
Johnson walked into the living room and saw Appellant lying face up on the couch wearing only his
undershorts. A.C. was lying face down on top of him.

 After this incident, Alexander sought advice from the Crisis Center. Several days later, she
took A.C. to the hospital emergency room for a physical exam. A.C. was examined by a doctor and
a sexual assault nurse examiner. Based on the doctor's recommendation, the police department was
notified. A detective with the Crimes-Against-Children force of the Tyler Police Department talked
with A.C. After the interview, Appellant was arrested and charged by indictment with aggravated
sexual assault. (1) He pleaded "not guilty," and was tried before a jury. 

 At trial, Alexander testified that she noticed Appellant behaving inappropriately with A.C. 
 Alexander found Appellant and A.C. together under a blanket on the couch several times. Appellant
spent more time with A.C. than with the other children and gave money to A.C. when he would not
give money to the other children. A.C. also gained weight and began to wear tight, less modest
clothing. Although Alexander objected to her clothes, Appellant made it known that they were
acceptable to him. Appellant also wanted A.C. to wear her hair down instead of in "pony tails,"
which Alexander felt was inappropriate for an eight-year-old child. Alexander suspected that
Appellant sent her out on errands so that he could be alone with A.C. She also noticed that A.C. had
become quieter and more withdrawn.

 Dr. Daniel Baber ("Baber") also testified. Baber was the attending physician in the
emergency room on the day Alexander took A.C. to the hospital. Baber noted no trauma to A.C.'s 
genital area. But he explained that with digital penetration, it is common to find no evidence of 
trauma. A.C.'s medical chart contained notes by someone else, which stated that "[d]uring
communication patient admitted her stepfather touches her privates and puts his penis in her
privates." The person also noted, "Patient also communicated that she wants him to stop." 

 Shonna Defoy ("Defoy"), a registered nurse and sexual assault nurse examiner, examined
A.C. as well. Defoy noted a very flat affect, which is inappropriate for A.C.'s age. However, Defoy
stated the flat affect is consistent with a child who has been sexually abused. Defoy found no vaginal
trauma, but also explained that with digital penetration, there is usually no visible evidence of trauma
to the vaginal opening. 

 After A.C.'s medical exam, Craig Shine ("Shine"), an investigator with the Tyler Police
Department who worked in the Crimes-Against-Children department, interviewed A.C. Shine drew
"happy faces" with each face representing someone who lived with A.C. After identifying these
persons, and placing their names below the faces, A.C. crossed through and scratched over
Appellant's face. A.C. seemed afraid to talk about the assault. Shine stated that such timidness is
characteristic of a child who has been sexually assaulted. He found nothing in A.C.'s demeanor that
caused him to believe she was not telling the truth.

 Finally, A.C. testified that Appellant touched her, but not while her mother was at home. If
Alexander came home, Appellant would stop. Appellant would call her inside while the other
children stayed outside playing. Appellant touched her in her "private" parts and put his fingers
inside of her. Her testimony varies regarding the number of times Appellant touched her. She
testified that Appellant touched her once before, but also said that he touched her a few times. A.C.
drew a circle around the vaginal area of a drawing of a female child to indicate where Appellant
touched her. She did not tell anyone about it before because she was afraid she would "get in
trouble" with her mother. A.C. claimed to be unafraid of Appellant.

 The jury found Appellant "guilty," and the trial judge sentenced him to sixty years of
imprisonment.


Evidentiary Sufficiency


Legal Sufficiency

 In his first issue, Appellant asserts the evidence is legally insufficient to support the jury's
verdict of guilty. In reviewing the legal sufficiency of evidence, we examine the evidence in the light
most favorable to the judgment to determine whether a rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Johnson v. State, 871 S.W.2d 183,
186 (Tex. Crim. App. 1993) (citing Jackson v. Virginia, 443 U.S. 307, 320, 99 S. Ct. 2781, 61 L.
Ed.2d 560 (1979)). The jury is the exclusive judge of (1) the facts, (2) the credibility of the
witnesses, and (3) the weight to be given to the testimony of each witness. Penagraph v. State, 623
S.W.2d 341, 343 (Tex. Crim. App. 1981). As fact finder, a jury may reject all or any part of a
witness's testimony. Id. A successful legal sufficiency challenge results in the rendition of an
acquittal by the reviewing court. See Tibbs v. Florida, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed. 2d 652 (1982). 

 The sufficiency of the evidence is measured against the offense as defined by a hypothetically
correct jury charge. See Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a
charge accurately sets out the law, is authorized by the indictment, and adequately describes the
particular offense for which the defendant is tried. Id. Additionally, it does not unnecessarily
increase the State's burden of proof or unnecessarily restrict the State's theories of liability. Id.

 A person commits the offense of aggravated sexual assault if he (1) intentionally or
knowingly causes the penetration of the female sexual organ of a child (2) by any means and (2) the
victim is younger than fourteen years of age. Tex. Pen. Code § 22.021 (a)(1)(B)(i), (a)(2)(B). At
trial, A.C., who was then nine years old, testified that Appellant put his fingers inside of her
"private" part. She also drew a circle around the vaginal area on a drawing of a female child to show
where Appellant touched her. A.C. has never been married. 

 The victim's uncorroborated testimony supports a conviction for aggravated sexual assault
if the victim is younger than fourteen years of age at the time of the offense. Tex. Code Crim. Proc.
Ann. art. 38.07 (West 2003); see Hellums v. State, 831 S.W.2d 545, 546-47 (Tex. App.-Austin
1992, no pet.). Therefore, A.C.'s testimony, without any corroboration, is sufficient to support the
jury's finding that Appellant intentionally and knowingly penetrated the sexual organ of A.C. with
his finger. See id. Viewing the evidence in the light most favorable to the verdict, there is sufficient
evidence from which the jury could have concluded that Appellant sexually assaulted A.C. 
Consequently, we conclude the evidence is sufficient to permit a rational fact finder to find the
essential elements of aggravated sexual assault beyond a reasonable doubt. Appellant's first issue
is overruled.

Factual Sufficiency

 In his second issue, Appellant claims the evidence is factually insufficient. We must first
assume that the evidence is legally sufficient under the Jackson standard. See Clewis v. State, 922
S.W.2d 126, 133 (Tex. Crim. App. 1996). We then consider all of the evidence in the record related
to Appellant's sufficiency challenge, not just the evidence that supports the verdict. Santellan v.
State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). We review the evidence weighed by the jury
which tends to prove the existence of the elemental fact in dispute, and compare it to the evidence
which tends to disprove the fact. Id. 

 Evidence can be factually insufficient when (1) the evidence is so weak as to be clearly
wrong or manifestly unjust; or (2) the finding of a vital fact is so contrary to the great weight and
preponderance of the evidence as to be clearly wrong. Johnson v. State, 23 S.W.3d 1, 11 (Tex.
Crim. App. 2000). Determining which standard applies depends on whether the complaining party
had the burden of proof at trial. Id. at 9-10. However, when a defendant challenges the factual
sufficiency of a guilty finding, even though the State has the burden of proof at trial, the reviewing
court must review the evidence using both standards. Zuliani v. State, 97 S.W.3d 589, 593 (Tex.
Crim. App. 2003). 

 Our evaluation should not substantially intrude upon the jury's role as the sole judge of the
weight and credibility of witness testimony. Santellan, 939 S.W.2d at 164. Where there is
conflicting evidence, the jury's verdict on such matters is generally regarded as conclusive. Van
Zandt v. State, 932 S.W.2d 88, 96 (Tex. App.-El Paso 1996, pet. ref'd). Therefore, when reviewing
factual sufficiency challenges, we must determine "whether a neutral review of all of the evidence,
both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to
undermine confidence in the jury's determination, or the proof of guilt, although adequate if taken
alone, is greatly outweighed by contrary proof." Zuliani, 97 S.W.3d at 594 (citing Johnson, 23
S.W.3d at 11). A verdict will be set aside "only if the evidence supporting guilt is so obviously
weak, or the contrary evidence so overwhelmingly outweighs the supporting evidence, as to render
the conviction clearly wrong and manifestly unjust." Ortiz v. State, 93 S.W.3d 79, 87 (Tex. Crim.
App. 2002). 

 In this case, Appellant contends that (1) A.C.'s testimony is uncorroborated by any medical
evidence of injury, and that (2) A.C. was confused and unable to describe anything unless words
were "put in her mouth." Although neither Baber's nor Defoy's exam conclusively established that
A.C. had been sexually abused, both witnesses explained that digital penetration does not typically
create such evidence. Baber and Defoy believed A.C. had been sexually abused. Shine believed
A.C.'s claim of abuse. He found her behavior to be typical of a sexual abuse victim. Further, A.C.'s
mother and sister witnessed Appellant behaving inappropriately with A.C. on several occasions. 
Finally, A.C. never wavered in her contention that Appellant sexually assaulted her. 

 The jury accepted the State's version of the facts, and found against Appellant. In our
evaluation, we should not substantially intrude upon the jury's role as the sole judge of the weight
and credibility of witness testimony. See Santellan, 939 S.W.2d at 164. We have conducted a
neutral review of all the evidence, both for and against the finding. The record does not reveal any
evidence that causes us to conclude that the proof of guilt is so obviously weak or is otherwise so
greatly outweighed by contrary proof as to render Appellant's conviction clearly wrong or manifestly
unjust. Nor does the record undermine our confidence in the jury's determination. Thus, we hold
that the evidence is factually sufficient to support the jury's verdict. Appellant's second issue is
overruled.


Constitutional Violation


 Appellant complains the trial court abused its discretion when it overruled his objection to
leading questions. He contends that when the trial court allowed the State latitude in asking leading
questions to develop A.C.'s testimony, it violated Appellant's due process rights under the Fifth and
Sixth Amendments to the U.S. Constitution, and article I, section 10 of the Texas Constitution. 
Under Rule 33.1 of the Texas Rules of Appellate Procedure, an appellant must make a timely
objection, stating the specific grounds for the ruling sought, and receive a ruling from the trial court
on that objection in order to preserve error for appellate review. Even constitutional errors, such as
due process complaints, are waived if not raised first in the trial court. See Jimenez v. State, 32
S.W.3d 233, 235 (Tex. Crim. App. 2000) (citing Gibson v. State, 516 S.W.2d 406, 409 (Tex. Crim.
App. 1974)). 

 During the trial, Appellant objected once to leading questions as the State was questioning
A.C. on direct examination. Appellant failed, however, to assert an objection that his constitutional
right to due process was being violated based on the leading questions. Because Appellant did not
raise that complaint in the trial court, he failed to preserve error for appellate review. Consequently,
we overrule Appellant's third and final issue.



Conclusion
 

 Having overruled Appellant's three issues, the trial court's judgment is affirmed.



 SAM GRIFFITH 

 Justice



Opinion delivered November 19, 2003.

Panel consisted of Worthen, C.J., and Griffith, J.

DeVasto, J., not participating





























(DO NOT PUBLISH)
1. Tex. Pen. Code § 22.021 (West 2003).
2. A "child" is a person younger than seventeen years of age who is not the spouse of the actor. Tex. Pen.
Code § 22.011 (c)(1).