COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

SCOTT JUSTICE,                                                )

                                                                              )              
No.  08-03-00467-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                 194th District Court

THE STATE OF TEXAS,                                     )

                                                                              )             
of Dallas County, Texas

Appellee.                           )

                                                                              )               
(TC# F-0272903-JM)

                                                                              )

 

 

O
P I N I O N

 

Scott Justice
appeals his conviction by a jury of the offense of aggravated sexual assault of
a child less than fourteen years of age. 
The jury assessed his punishment at twenty-five years in the Texas
Department of Criminal Justice, Institutional Division.  He contends in three points that the evidence
is factually insufficient to support his conviction and that the trial court
abused its discretion by denying his motion to suppress and allowing into
evidence a tape recording of a conversation between himself and the complainant=s mother.  We affirm.








Justice contends
in Point of Error Three that the evidence is factually insufficient to support
his conviction.  In reviewing a challenge
to the factual sufficiency of the evidence, we begin with the assumption that
the evidence is legally sufficient.  See
Santellan v. State, 939 S.W.2d 155, 164 (Tex.Crim.App. 1997).  We must view all the evidence without the
prism of  Ain
the light most favorable to the prosecution@
construct.  See Clewis v. State,
922 S.W.2d 126, 129 (Tex.Crim.App. 1996). 
We ask, Awhether a
neutral review of all the evidence, both for and against the finding,
demonstrates that the proof of guilt is so obviously weak as to undermine
confidence in the jury=s
determination, or the proof of guilt, although adequate if taken alone, is
greatly outweighed by contrary proof.@  Johnson v. State, 23 S.W.3d 1, 11
(Tex.Crim.App. 2000); see also Goodman v. State, 66 S.W.3d 283, 285
(Tex.Crim.App. 2001).

We must also
remain cognizant of the fact finder=s
role and unique position--one that the reviewing court is unable to
occupy.  Johnson, 23 S.W.3d at
9.  The jury determines the credibility
of the witnesses and may Abelieve
all, some, or none of the testimony.@  Chambers v. State, 805 S.W.2d 459, 461
(Tex.Crim.App. 1991).  It is the jury
that accepts or rejects reasonably equal competing theories of a case.  Goodman, 66 S.W.3d at 287.  A decision is not manifestly unjust as to the
accused merely because the fact finder resolved conflicting views of evidence
in favor of the State.  Cain v. State,
958 S.W.2d 404, 410 (Tex.Crim.App. 1997).

The indictment
alleged that on or about October 1, 2001, Justice intentionally and knowingly
caused the complainant=s
sexual organ to contact and penetrate his mouth, and that the complainant was
not his spouse and was younger than fourteen years of age.  The complainant testified that he was fifteen
years of age at the time of the trial in August 2003, and that he was born on
November 30, 1987.  He said that his
mother and his father had divorced but continued living together until they
separated six years prior to trial.  He
indicated that he had known Justice, the Appellant, for four or five years.  He related that Justice was a high school
friend of his father.








The complainant
said that Justice was initially a good friend to him, taking him on trips to
Colorado, San Antonio, Houston, Six Flags, and Grapevine Mills Mall.  He indicated that his brother sometimes went
with them.  He stated that Justice also
bought him clothes and video games.  He
related that he loved him like a dad, that he was his best friend.  He testified that all that changed when he
and Justice were staying at what he thought was the Hyatt Hotel in Dallas, the
one with the big ball.  He said that at
the time of that trip, he was twelve or thirteen, and that the trip occurred
close to October 1, 2001.  He related
that when he woke up that evening, his pants were pulled down and Justice was
standing over him with the complainant=s
penis in Justice=s
mouth.  He said that was not the only
time it happened, that it would happen at hotels when they would stay on
weekends.  He stated that they stayed at
hotels for maybe two weekends per month for a year and a half.  Overall, he confirmed that it had happened
about twenty times.  He acknowledged that
he had not said anything about it, because he was scared and ashamed.  He said that he finally told his mother, who
reported it to the police.  

Latricia Holguin,
the complainant=s mother,
testified that Justice was her ex-husband=s
best friend and that he was a close friend of the family.  She said she had been grateful for all the
things he had done for her two sons, such as taking them places and buying them
things she could not afford.  She
confirmed that the complainant had told her that Justice was messing with
him.  She said that the complainant told
her Justice touched him and sucked him. 
She stated that she gave the complainant the option of whether to file
charges, and he said he wanted to do so. 
She also mentioned a recording she had made of conversations she had
with Justice, in cooperation with the police department, after the complainant
had told her what had been happening. 
She said that nothing sexual was mentioned on the tape, but that it does
refer to Justice giving the complainant alcohol.








Mark Peterson, an
investigator with the Wise and Jack County District Attorney=s Office, testified concerning his
investigation of what had happened to the complainant.  He said that he arranged for the complainant=s mother to tape a conversation with
Justice and that he had explained to her that it should incorporate that the
phone call was in reference to the complainant making an outcry of sexual
abuse.

Justice denied
going on trips with the complainant by himself and denied having ever spent the
night with the complainant at the Hyatt in Dallas with the big ball.  He specifically denied sexually assaulting
either the complainant or the complainant=s
brother.  As to why he would be accused,
he suggested it might have been a falling out between him and the complainant=s mother over money.  

The complainant=s brother testified that Justice had
been a good friend, but that one evening when Justice was spending the night at
his house, he awoke to find Justice sucking his penis.  He said he did not tell anyone because he was
scared.  He said he had to tell his
mother after the complainant had told her what had happened to him.  








Justice suggests
that the evidence is factually insufficient because he contradicted the
complainant=s
testimony and because the complainant was a disturbed, troubled child who was
seeing a therapist for reasons unrelated to the assault.  The testimony of a sexual assault victim
alone is sufficient evidence of penetration to support a conviction, even if the
victim is a child.  Hellums v. State,
831 S.W.2d 545, 547 (Tex.App.--Austin 1992, no pet.).  Justice presents no argument or authority
supporting his suggestion that evidence is factually insufficient where the
complainant is a troubled child who was seeing a therapist for reasons
unrelated to the assault and the defendant contradicts his testimony.  In any event, we have been unable to find any
evidence that the complainant is a troubled child who was seeing a therapist
for reasons unrelated to the assault, and Justice does not refer us to
any.  We hold that the evidence is
legally and factually sufficient to support Justice=s
conviction.  We overrule Point of Error
Three. 








Justice argues in
Points of Error One and Two that the trial court erred by overruling his motion
to suppress and admitting into evidence the tape recording of Justice made by
the complainant=s
mother.  Justice=s
motion to suppress evidence of any statements, written or oral, asserted that
they were obtained in violation of his rights as guaranteed by the Fourth,
Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and
Article I, sections 9, 10, and 19 of the Texas Constitution, and Chapter 14 and
Article 38.22 of the Texas Code of Criminal Procedure.  In argument to the court, he objected to the
tape based upon the fact that the police detective had arranged the equipment
and encouraged the complainant=s
mother to make the tape.  He also
contended that any probative value of the tape was substantially outweighed by
the danger of unfair prejudice.  On
appeal, he contends for the first time that the tape was inadmissible because
the testimony in support of its admission did not meet the seven-prong test set
forth in Edwards v. State, 551 S.W.2d 731, 733 (Tex.Crim.App.
1977).  Where the appellant=s contention on appeal does not comport
with his or her objection at trial, nothing is presented for review.  Wilson v. State, 71 S.W.3d 346, 349
(Tex.Crim.App. 2002).  We note, however,
that the State is no longer required to meet the requirements of the
seven-prong test; rather, the admissibility of such a tape is governed by Texas
Rule of Evidence 901.  Angleton v.
State, 971 S.W.2d 65, 69 (Tex.Crim.App. 1998).  Rule 901 provides that the requirement of
authentication or identification as a condition precedent to admissibility is
satisfied by evidence sufficient to support a finding that the matter in
question is what its proponent claims. 
In view of the testimony of complainant=s
mother that the tape was a tape of a telephone conversation she had with
Justice, we do not accept Justice=s
argument that the trial court erred by admitting the statement because the tape
was not properly authenticated.  Justice
presents no argument or authority to suggest that the trial court erred by
overruling his motion to suppress or admitting the tape into evidence based
upon Rule 901 or the actual objections he made at trial.  We overrule Points of Error One and Two.  

The judgment is
affirmed.

 

 

December
22, 2004

JOHN HILL, Chief
Justice (Ret).

 

Before Panel No. 5

Barajas, C.J, McClure, J., and Hill, C.J. (Ret.)

Hill, C.J. (Ret.)(Sitting by Assignment)

 

(Do Not Publish)