NO.
12-05-00106-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

EMMETT LEE SIMPSON, SR.,      §                      APPEAL
FROM THE 173RD

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §                      HENDERSON
COUNTY, TEXAS

                                                                                       
                                                                    

MEMORANDUM OPINION

            Emmett Lee
Simpson, Sr. appeals his convictions for aggravated sexual assault and
indecency with a child.  In two issues,
Appellant contends that the evidence was legally and factually insufficient to
support his conviction.  We affirm.

 

Background

            In 2002, A.S. told her cousin that
her father, Appellant, had been sexually assaulting her.  The cousin told her mother, which eventually
led to the involvement of the Texas Department of Family and Protective
Services and the police.  Appellant was
arrested.  While in police custody, he
handwrote a statement admitting that he touched A.S. on her “private parts” on
July 13, 2002.

            A Henderson County grand jury
indicted Appellant, in four separate indictments, for aggravated sexual
assault, indecency with a child by contact, and indecency with a child by
exposure for incidents alleged to have occurred on or about July 13, 2002 and
for aggravated sexual assault of a child and indecency with a child by contact
for incidents alleged to have occurred on or about June 1, 2001.  Appellant pleaded not guilty, and all of the
offenses were tried together.  

            A.S. was twelve years old at the
time of trial.  She testified that her
father has been assaulting her since she was three years old.  She had reported to the police when she was
five years old that her father was touching her, but she remained in the household
and was not separated from him until the report in 2002.  

            The jury found Appellant guilty of
all charges and assessed punishment at life in prison for the two aggravated
sexual assault charges, twenty years for each of the indecency with a child by
contact charges, and five years for the indecency with a child by exposure
charge.  The jury did not assess a fine
in any of the cases, and the trial court ordered the sentences to be served
concurrently. Appellant now appeals his convictions for the aggravated sexual
assault and indecency with a child by contact alleged to have occurred in
2001.  He does not appeal the other
convictions.

 

Sufficiency of the
Evidence

            Appellant argues that the evidence
was legally and factually insufficient to show that he committed the offenses
of aggravated sexual assault and indecency with a child.  Specifically, Appellant asserts that the
testimony of the victim could not reasonably be believed, that she had given
inconsistent accounts, and that there was no physical or other evidence to
corroborate her account of the offenses.

Standard of
Review–Legal Sufficiency

            Legal sufficiency is the
constitutional minimum required by the Due Process Clause of the Fourteenth
Amendment to sustain a criminal conviction. 
Jackson v. Virginia, 443 U.S. 307, 315-16, 99 S. Ct. 2781,
2786-87, 61 L. Ed. 2d 560 (1979); see also Russeau v. State,
171 S.W.3d 871, 877 (Tex. Crim. App. 2005). 
Evidence is legally sufficient if any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt.  Jackson, 443 U.S. at 320; see
also Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim. App.
1993).  The evidence is examined in the
light most favorable to the jury’s verdict.  Jackson, 443 U.S. at 320; Johnson,
871 S.W.2d at 186.

            The sufficiency of the evidence is
measured against the offense as defined by a hypothetically correct jury
charge.  See Malik v. State,
953 S.W.2d 234, 240 (Tex. Crim. App. 1997). 
Such a charge would include one that “accurately sets out the law, is
authorized by the indictment, does not unnecessarily increase the State’s
burden of proof or unnecessarily restrict the State’s theories of liability,
and adequately describes the particular offense for which the defendant is
tried.”  Id.

            A person commits the offense of
aggravated sexual assault if he intentionally or knowingly causes the
penetration of the female sexual organ of a child by any means.  Tex.
Pen. Code Ann. § 22.021(a)(1)(B)(i) (Vernon 2005).  For the purposes of this statute, a person is
a child if she is under seventeen years of age and not the spouse of the actor.
 See Tex. Pen. Code Ann. §§ 22.021(b)(1), 22.011(c)(1)
(Vernon 2005).  A person commits the
offense of indecency with a child, a second degree felony, if, with a child
younger than 17 years and not the person’s spouse, he knowingly or
intentionally engages in sexual contact. 
Tex. Pen. Code Ann. § 21.11(a)(1)
(Vernon 2005).  “Sexual contact” is
defined, in relevant part, as any touching by a person of any part of the genitals
of a child with the intent to arouse or gratify any person’s sexual
desire.  Tex. Pen. Code Ann. § 21.11(c)(1).  A child victim’s uncorroborated testimony is
sufficient to support a conviction for aggravated sexual assault.  Tex.
Code Crim. Proc. Ann. art. 38.07(b)(1) (Vernon 2005); see Hellums
v. State, 831 S.W.2d 545, 547 (Tex. App.–Austin 1992, no pet.).

Analysis–Legal
Sufficiency

            In the case at hand, A.S. testified
that Appellant touched her inappropriately in the summer of 2001.  Specifically, she testified that he inserted
his finger about one half inch into her vagina and placed his mouth on her
labia.  She also testified that Appellant
told her to not tell anyone of the touching or he would hurt everyone she
loved.  A.S. was nine years old when
these events took place and was not the spouse of Appellant.

            In the context of an aggravated
sexual assault charge, proof of the slightest penetration is sufficient to meet
the requirement of “penetration.”  See
Nilsson v. State, 477 S.W.2d 592, 595 (Tex. Crim. App. 1972); see
also Vernon v. State, 841 S.W.2d 407, 409 (Tex. Crim. App. 1992)
(penetration of female sexual organ does not require proof of penetration of
vaginal canal).  This evidence is legally
sufficient to sustain Appellant’s conviction for aggravated sexual assault.

            With respect to the indecency with a
child offense, A.S.’s testimony that Appellant touched her labia with his mouth
is sufficient to prove that he had contact with a part of her genitals.  See Clark v. State, 558 S.W.2d
887, 889 (Tex. Crim. App. 1977).  A.S.
was a child and was not married to Appellant. 
The evidence is legally sufficient to sustain Appellant’s conviction for
indecency with a child.            Appellant’s first issue is overruled.

Standard of
Review–Factual Sufficiency

            In reviewing factual sufficiency of
the evidence, we must determine whether a neutral review of the evidence, both
for and against the finding, demonstrates that a rational jury could find guilt
beyond a reasonable doubt.  Zuniga
v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004).  Evidence is factually insufficient when
evidence supporting the verdict, considered by itself, is too weak to support
the finding of guilt beyond a reasonable doubt. 
Id.  Evidence is
also factually insufficient when contrary evidence is so strong that the beyond
a reasonable doubt standard could not have been met.  Id. at 484-85.  A verdict will be set aside “only if the
evidence supporting guilt is so obviously weak, or the contrary evidence so
overwhelmingly outweighs the supporting evidence, as to render the conviction
clearly wrong and manifestly unjust.”  Ortiz
v. State, 93 S.W.3d 79, 87 (Tex. Crim. App. 2002).  A clearly wrong and manifestly unjust verdict
occurs where the jury’s finding “shocks the conscience” or “clearly
demonstrates bias.”  Zuniga,
144 S.W.3d at 481.

            As in legal sufficiency review, the
fact finder is the sole judge of the weight and credibility of a witness’s
testimony.  Wesbrook v. State,
29 S.W.3d 103, 111–12 (Tex. Crim. App. 2000); Johnson v. State,
23 S.W.3d 1, 7 (Tex. Crim. App. 2000). 
The jury may choose to believe all, some, or none of a witness’s
testimony.  Sharp v. State,
707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

Analysis

            Appellant complains that A.S.’s
testimony is “incredible and unbelievable” and cannot support the
convictions.  Specifically, he argues
that the abuse happened in a crowded trailer and could not have occurred
without others knowing of it.  He also
points out that A.S.’s therapist testified that A.S. had a fantasy life and
occasionally lied to get out of trouble. 


            Support for these contentions can be
found in the record, but the evidence is not so one dimensional.  There was testimony from family members about
Appellant’s conduct towards his daughter. 
One of A.S.’s brothers testified that he observed part of an episode of
abuse in the summer of 2001 and that he overheard an argument between Appellant
and A.S.’s mother about Appellant’s touching of A.S.  Another brother corroborated at least part of
one complaint of sexual assault. 

            A.S.’s therapist testified that A.S.
had a fantasy life and lied on occasion. 
She also said that the fantasy life was consistent with an escape
mechanism employed by child abuse victims and that A.S. did not fantasize about
being sexually assaulted by her father. 
Furthermore, the therapist, called as a witness by Appellant, testified
directly and forcefully that she believed the abuse occurred, that she believed
A.S. was telling the truth, and that A.S. had not wavered in her story to her.  Finally, A.S.’s story was corroborated, at
least in part, by Appellant’s admission to touching her inappropriately in the
summer of 2002.

            Our review of the factual
sufficiency of the evidence must not substantially intrude upon the jury’s role
as the sole judge of the weight and credibility of witness testimony.  See Santellan v. State,
939 S.W.2d 155, 164 (Tex. Crim. App. 1997). 
The sexual assault and indecency with a child were corroborated by
evidence that is often lacking in cases of this sort, including eyewitness
accounts and a confession to a similar act. 
The jury had a panoply of information to use to consider A.S.’s
credibility.  In addition to the evidence
offered by the prosecution, including the testimony of A.S. and her siblings,
Appellant offered the videotape of A.S.’s statement in this case and a
videotape of her statement made when she was five years old as well as the case
notes of her therapist.

            Given the circumstances of this
case, we conclude that the verdicts were neither clearly wrong nor manifestly
unjust.  In light of all the evidence,
the guilty verdicts neither “shocks the conscience” nor “clearly demonstrates
bias.”  Appellant’s argument is that the
complaining witness was unbelievable.  In
the ordinary case that is a decision for a jury to make, and it was not
unreasonable for the jury to believe A.S. in this case.  Our review of the record as a whole, with
consideration given to all of the evidence, both for and against the jury’s
finding, has not caused us to conclude that the proof of guilt is so obviously
weak or is otherwise so greatly outweighed by contrary proof as to render
Appellant’s conviction clearly wrong or manifestly unjust.  Therefore, we hold that the evidence is
factually sufficient to support the jury’s verdict.  Appellant’s second issue is overruled.

 

Disposition

            The evidence
is legally and factually sufficient to support Appellant’s conviction.  We affirm the trial court’s
judgment.

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

Opinion
delivered May 24, 2006.

Panel consisted of Worthen, C.J., Griffith, J., and
DeVasto, J.

 

 

(DO
NOT PUBLISH)