

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00203-CR, 07-12-00204-CR

LUIS ALFONSO GUTIERREZ, SR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 21st District Court
Bastrop County, Texas
Trial Court No. 14,260, 14,262, Honorable Terry L. Flenniken, Presiding

August 12, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Luis Alfonso Gutierrez, Sr., was indicted in three separate indictments which allege continuous sexual abuse of a child in trial cause number 14,260[1] and indecency with a child in trial cause numbers 14,261 and 14,262.[2] The three cases were tried together and the jury convicted appellant in cause number 14,260 and in cause number 14,262. The jury found appellant not guilty in cause number 14,261.

[1] See TEX. PENAL CODE ANN. § 21.02(a),(b) (West Supp. 2012).
[2] See id. § 21.11(a)(1) (West 2011).

After hearing the punishment evidence, the jury assessed punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ) for life in cause number 14,260 and 20 years in cause number 14,262. This appeal followed. Appellant appeals both convictions. Our cause number 07-12-00203-CR is appellant's appeal in trial court cause number 14,260, and our case number 07-12-00204-CR is appellant's appeal in trial court cause number 14,262.

Appellant contends in cause number 07-12-00203-CR that the evidence is legally insufficient to prove that the multiple instances of sexual abuse of a child occurred during a period longer than thirty days in Bastrop County, Texas. In his two remaining issues, which apply to both cases, appellant contends the trial court committed reversible error in admitting inadmissible hearsay evidence. We will affirm.

Factual and Procedural Background

Appellant is the father of five children by his first marriage to Kathy Gutierrez. Three of those children were the victims alleged in the indictments. His children with Kathy were April, who was 22 years old at the time of trial, the oldest set of twins, M.G. and J.G., who were 16 at the time of trial, and the younger set of twins, D.G. and L.G.J., who were 14 years old at the time of the trial. Appellant and Kathy were divorced in 2003. At the conclusion of the divorce, appellant was awarded custody of their children. Kathy had very little contact with her children until July of 2010.

After appellant's divorce from Kathy, Sally moved into the home with appellant and his children. Sally and appellant were married and eventually had a child.[3] Initially, the family lived in Travis County. In early 2008, the new family unit moved to Elgin in Bastrop County. April continued to attend high school in Travis County, graduating in the spring of 2008. Shortly after graduation, April had a disagreement with her appellant and Sally, and April moved out of the home. April continued to talk to her siblings after leaving the home but had only very limited contact with her father. April eventually married and moved back to Elgin.

On July 1, 2010, appellant decided to allow the children to visit their mother, Kathy, for a month. The children were dropped off at Kathy's apartment. However, after learning that the children were at Kathy's apartment, April arranged for them to be brought to her apartment. Soon after Kathy and the children arrived at April's apartment, the four children were in the front room playing computer games while April and Kathy were in another room talking about why Kathy and appellant's marriage did not work out. After overhearing Kathy discuss some previous allegations regarding appellant's inappropriate touching of young girls, M.G. told April that their father was continuing to inappropriately touch them. After M.G.'s outcry statement to April, each of the children eventually made an outcry statement to April.

After hearing the statements from the children, April contacted the authorities and the investigation that resulted in the three indictments against appellant was initiated. Initially, D.G. and M.G. were taken for a forensic interview. The interviews of D.G. and

---

[3] Appellant's child with Sally was not the subject of any of the indictments brought against appellant.

M.G. were played before the jury. Following this interview, officers requested that appellant come to the police station for an interview. The interview with appellant was recorded and later played for the jury. Both J.G. and L.G.J. made outcry statements to April. April was allowed to testify about the outcry statements that J.G. and L.G.J. made to her. Later, each boy was interviewed by a forensic interviewer. Each interview was recorded and during the trial the recorded statement of J.G. was played before the jury. Appellant offered the recording of the forensic interview of L.G.J.; however, the trial court sustained the State's objection to the playing of that interview.

D.G., the victim in number 14,260, testified that her father first sexually assaulted her when she was seven years old and the family was living in Travis County. D.G. testified that the family moved to Elgin in Bastrop County early in 2008, when she was in the fourth grade. Soon after they moved to Elgin, D.G. was in the large walk-in pantry when appellant entered the pantry and shut the door. According to D.G., appellant pulled down his pants and forced her to perform oral sex on him. After that occasion, D.G. was in a bathroom when appellant entered and again forced her to perform oral sex on him. Then, in May of 2010, while Sally was away from the house to complete a sleep study, appellant had D.G. sleep in bed with him. On this occasion he again forced D.G. to perform oral sex on him, and he also performed oral sex on her and tried to insert his penis into her vagina. D.G. further testified that the next time was two weeks before school was out and they, D.G. and appellant, were lying on the couch. At this time appellant inserted his finger into her vagina and only stopped after D.G.'s repeated requests.

4

M.G., the victim in cause number 14,262, testified that appellant began sexually abusing her when the family lived in Travis County and continued after the family moved to Elgin. According to M.G.'s testimony, appellant would touch her breasts through her clothing. Further, MG testified that appellant also touched her vagina both over her clothing and under her clothing. M.G. related incidents when she was doing the dishes and appellant would come up behind her and touch her bottom with his penis. Appellant's improper touching of M.G. was less frequent the older she became but did not cease until she moved out of the home in July 2010.

One of appellant's contentions relates to the testimony of D.G. about a conversation she had with M.G. On the day of the conversation in question, D.G. had gotten in trouble at school, and her father had beaten her with a belt as punishment. After the beating, D.G. was crying in her room and M.G. was attempting to comfort her. D.G. then told M.G. that their father was sexually abusing her. Upon being told this, M.G. started crying and stated that appellant was sexually abusing her as well and she did not know that the same thing was happening to D.G. Appellant objected to the statement by D.G. because the same was hearsay. The trial court overruled the objection, and D.G. continued relaying what M.G. had told her. M.G. testified immediately after D.G. and testified about her conversation with D.G. which occurred after D.G. was beaten with the belt.

On appeal, appellant presents the Court with three issues. The first two issues deal with the admission of evidence. In the first issue, appellant complains of the trial court's allowing the testimony of D.G. as to what M.G. had told her. In the second issue, appellant complains about the introduction of testimony regarding the outcry

5

statement of L.G.J. By his third issue, appellant complains that the evidence was insufficient to prove that the continuous sexual assaults against the victim in Bastrop County. For the reasons set forth hereinafter, we overrule appellant's issues and affirm the trial court's judgment.

## Sufficiency of the Evidence

Standard of Review and Applicable Law

We first address appellant's complaint about the sufficiency of the evidence. In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Brooks v. State, 323 S.W.3d 893, 912 (Tex.Crim.App. 2010). "[O]nly that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction." Brooks, 323 S.W.3d at 917 (Cochran, J., concurring). We remain mindful that "[t]here is no higher burden of proof in any trial, criminal or civil, and there is no higher standard of appellate review than the standard mandated by Jackson." Id. When reviewing all of the evidence under the Jackson standard of review, the ultimate question is whether the jury's finding of guilt was a rational finding. See id. at 906–07 n.26 (discussing Judge Cochran's dissenting opinion in Watson v. State, 204 S.W.3d 404, 448–50 (Tex.Crim.App. 2006), as outlining the proper application of a single evidentiary standard of review). "[T]he reviewing court is required to defer to the jury's credibility

and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony." Id. at 899. The essential elements of the offense under consideration are determined by the hypothetically correct jury charge. Hardy v. State, 281 S.W.3d 414,421 (Tex.Crim.App. 2009). The testimony of a child abuse victim alone is sufficient to support a conviction. TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2012).

Analysis

Appellant's issue contends that the evidence was insufficient to prove that for a period longer than 30 days in duration, two or more instances of sexual abuse of D.G. occurred in Bastrop County. To prove the allegations against appellant, the State had to produce sufficient evidence to prove that 1) appellant; 2) during a period that is 30 or more days in duration to wit: from on or about June 1, 2008, through June 1, 2010, committed two or more acts of sexual abuse; 3) at the time of commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years, and the victim is alleged to have been D.G. Appellant seems to be making two challenges as to the sufficiency of the evidence. In one challenge, he appears to posit that the evidence is insufficient to show that two or more acts of sexual abuse occurred during a period that is 30 or more days in duration. This is so, according to appellant, because D.G. did not testify to specific dates. Appellant's second challenge posits that the proof is insufficient to show that the acts complained of all occurred in Bastrop County.

The record reflects that appellant began sexually assaulting D.G. while the family lived in Travis County. Her first recollection about her father doing something inappropriate occurred when she was seven years old and consisted of her father touching her breasts. After this incident, there was an incident where D.G. and appellant were on the couch together, and according to D.G., appellant made her perform oral sex on him. D.G. further testified that the family moved to Elgin, Bastrop County in early 2008. Sally also testified that the family moved to Elgin, in January 2008. D.G. then testified that, shortly after the family moved to Elgin, appellant again sexually assaulted her. On this instance, she was in the walk-in pantry getting ready to take the trash out when appellant came in and shut the door. He proceeded to make her perform oral sex on him. D.G. then related another instance that occurred in the bathroom when appellant came in and shut the door and forced her to perform oral sex on him. Next, D.G. testified that, when she was about 11, Sally was gone for sleep therapy. Later, Sally testified that, indeed, she was out of the house overnight for a sleep study, which she stated was in May 2010. On this occasion, appellant forced D.G. to sleep with him and to perform oral sex on him again. D.G. also testified that, on one other occasion, appellant undressed her and got on top of her, licked her vagina, and tried to put his penis inside her vagina. This was after appellant first put his penis in D.G.'s mouth.

When all of this evidence is reviewed under the guidelines of Jackson and Brooks—that is to say that when we review the evidence in the light most favorable to the jury's verdict—it is apparent that a rational jury could have found each element of the offense against appellant beyond a reasonable doubt. See Jackson, 443 U.S. at

8

319; Brooks, 323 S.W.3d at 912. Appellant's argument is simply one that challenges the weight the jury should have given the testimony of D.G. or her credibility. Such issues are left in the firm purview of the jury, not this reviewing Court. See Brooks, 323 S.W.3d at 899.

Finally, to the extent appellant complains about the proof that these events of continuous sexual assault occurred in Bastrop County, we point out two items. First, the testimony of the child victim is that all but one of the events occurred in Bastrop County and the testimony of the child victim alone is sufficient evidence. TEX. CODE CRIM. PROC. ANN. art. 38.07; Sandoval v. State, 52 S.W.3d 851, 854 n.1 (Tex.App.—Houston [1st Dist.] 2001, pet. ref'd) (citing Hellums v. State, 831 S.W.2d 545, 547 (Tex.App.—Austin 1992, no writ)). Second, venue is not an essential element of the offense and need be proven only by a preponderance of the evidence. See TEX. CODE CRIM. PROC. ANN. art. 13.17 (West 2005). And, if venue is not contested at the trial court level, it is assumed that it has been proven. See TEX. R. APP. P. 44.2(c)(1). Despite appellant's contention to the contrary, appellant did not contest venue at the trial.

Therefore, appellant's contention that the evidence was insufficient to sustain the jury's verdict is overruled.

## Admission of Evidence

### Standard of Review and Applicable Law

The first two issues presented by appellant deal with the contention that the trial court erred in allowing certain testimony. An appellate court reviews the trial court's

9

decision regarding admission of evidence under an abuse of discretion standard. Casey v. State, 215 S.W.3d 870, 879 (Tex.Crim.App. 2007). A trial court abuses its discretion when its decision to admit evidence lies outside the zone of reasonable disagreement. Id. The erroneous admission of evidence is a non-constitutional error governed by Rule 44.2(b) of the Texas Rules of Appellate Procedure. See TEX. R. APP. P. 44.2(b); Whitaker v. State, 286 S.W.3d 355, 363 (Tex.Crim.App. 2009). If, after examining the entire record, we have a fair assurance that the error did not influence the jury, or had but a slight affect, there is no harm to appellant. See Whitaker, 286 S.W.3d at 363-64. Finally, any error in admitting the complained of evidence is harmless when that evidence comes in elsewhere without objection. See Lane v. State, 151 S.W.3d 188, 193 (Tex.Crim.App. 2004).

Analysis of the Objection to D.G.'s Testimony

Appellant's first issue contends that the trial court erred in allowing D.G. to testify about what M.G. said to her. This was error according to appellant because the testimony of D.G. was hearsay. If we assume that D.G.'s testimony was hearsay and that there is no exception that would remove the hearsay taint, it is still not harmful error. This is so because M.G. took the stand immediately after D.G. and testified to the same facts without objection. See id. at 192–93. After our review of the record, we have a fair assurance that the complained of testimony of D.G. did not have a substantial and injurious effect on the verdict. See Whitaker, 286 S.W.3d at 365. Appellant's issue regarding the testimony of D.G. is overruled.

Analysis of April's Testimony Regarding L.G.J.'s Outcry

Before this Court, appellant contends the trial court committed reversible error in permitting April to testify about an outcry statement that L.G.J. made to her. The basis of appellant's contention is that, because L.G.J. was not a complainant in any of the three cases being tried, the outcry statement allowed the introduction of an extraneous offense before the jury.

The State contends that the objection appellant made at trial was different from the contention appellant now makes before this Court. According to the State, appellant's objection at trial went to the application of article 38.072 of the Texas Code of Criminal Procedure. See TEX. CODE OF CRIM. PROC. ANN. art. 38.072 (West Supp. 2012). Additionally, the State posits that the only other objection voiced by appellant at trial was a general hearsay objection.

Our review of the record supports the State's contentions. Nowhere in the record does appellant state, mention, or even allude to a contention that to allow April's outcry testimony regarding what L.G.J. told her is to permit admission of an extraneous offense. Therefore, we are faced with the failure of appellant to preserve this issue for appeal. See TEX. R. APP. P. 33.1(a)(1). The issue now presented by appellant does not comport with the objection made at trial. Because appellant's issue before us does not comport with the objection made at trial nothing is preserved for appeal. See Resendez v. State, 306 S.W.3d 308, 317 (Tex.Crim.App. 2009). Accordingly, we overrule appellant's issue.

Conclusion

Having overruled all of appellant's issues, we affirm the trial court's judgment.


Mackey K. Hancock
Justice


Do not publish.