NUMBERS 13-06-124-CR & 13-06-126-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


RANDY ALLEN DELANE, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 377th District Court of Victoria County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Yañez


 


 Following a joint jury trial on two separate indictments, appellant, Randy
DeLane, was convicted of two counts of aggravated sexual assault (1) and indecency
with a child. (2) The jury assessed punishment at thirty years' imprisonment for each
count of aggravated sexual assault. Appellant was then sentenced by the jury to ten
years' imprisonment for his indecency with a child conviction, but that sentence was
suspended, and appellant was placed on community supervision for a period of ten
years. In each appeal, appellant contends that the evidence presented at trial was
legally and factually insufficient to support his conviction. We affirm.

A. Background

 In early March of 2004, S.R., a thirteen-year-old girl, made an outcry to her
step-mother, stating that appellant had touched her butt and private area. S.R.
repeated her outcry statement to a forensic interviewer and a sexual assault nurse
examiner. (3) On physical examination of the child, the sexual assault nurse examiner
did not find any injuries or physical evidence of sexual assault.

B. Standard of Review 

1. Legal Sufficiency 

 When reviewing the legal sufficiency of the evidence to support a conviction,
we consider all the evidence in the light most favorable to the verdict to determine
whether any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. (4) This standard gives "full play to the responsibility of the
trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to
draw reasonable inferences from basic facts to ultimate facts." (5) In this review, we do
not reevaluate the weight and credibility of the evidence; rather, we act only to ensure
that the jury reached a rational decision. (6)

2. Factual Sufficiency

 In determining the factual sufficiency of the elements of the offense, we view
all the evidence in a neutral light to determine whether a jury was rationally justified
in finding guilt beyond a reasonable doubt. (7) We set aside a finding of guilt only if the
evidence supporting the verdict is so weak that the jury's verdict is clearly wrong and
manifestly unjust or when the great weight and preponderance of the evidence is
contrary to the verdict. (8)

 The jury, as the trier of fact, is the exclusive judge of the credibility of witnesses
and the weight to be afforded their testimony. (9) The jury is free to believe one version
of the facts and reject another. (10) It is also entitled to accept or reject all or any portion
of a witness's testimony. (11) We are authorized to disagree with the fact finder's
determination only when the record clearly indicates our intervention is necessary to
stop the occurrence of a manifest injustice. (12)

C. Applicable Law

 A person commits aggravated sexual assault if he intentionally or knowingly
causes the penetration of the anus or sexual organ of a child by any means. (13) The
testimony of a child sexual assault victim alone is sufficient to support a conviction. (14) 
Additionally, we do not require a child victim's description of the incident to be
precise, and she is not expected to express herself at the same level of sophistication
as an adult. (15) There is no requirement that the victim's testimony be corroborated by
medical or physical evidence. (16) Furthermore, a child victim's outcry statement alone
can be sufficient to sustain a conviction for aggravated sexual assault. (17)

 Section 21.11 of the Texas Penal Code provides that a person commits the
offense of indecency with a child if, with a child under 17 years and not the person's
spouse, the person engages in sexual contact with the child or causes the child to
engage in sexual contact. (18) "Sexual contact" is defined as "any touching by a person,
including touching through clothing, of the anus, breast, or any part of the genitals of
a child" if the act is committed "with the intent to arouse or gratify the sexual desire"
of the person. (19) A jury may infer the requisite intent from the defendant's conduct,
remarks, or all the surrounding circumstances. (20)

D. Application of Law to Facts

1. Aggravated Sexual Assault

 During the time of the alleged offenses, S.R. lived with her mother, brother, and
appellant, S.R.'s step-father. Other individuals also resided at the home for various
periods of time. At trial, the State called S.R. to testify. She stated that appellant
would get on his knees and stick his tongue in her vagina. S.R. testified that this
happened more than once, but said it occurred around February of 2004, during one
of the last incidents. She also stated that appellant stuck his penis in her "butt" and
stuck his finger in her "butt." She described the incident as horrible and excruciatingly
painful. Again, she testified that this happened more than once, in both 2003 and
2004.

 The State also admitted into evidence a videotape of the forensic interview with
S.R. that was conducted at the HOPE Center on March 8, 2004. The video was
played for the jury. In the interview, S.R. makes similar statements regarding the
sexual abuse.

 S.R.'s step-mother testified about the outcry S.R. made to her in early March
2004. She stated that based on information she had received and a general suspicion,
she began asking S.R. if something had happened to her. She testified that S.R. told
her that appellant had touched her "butt" and private area. The step-mother did not
ask for more specific details, but stated that she spoke with her husband and mother-in-law, who called Child Protective Services.

 Marie Hollingshead, a case worker for CPS, stated that she watched the forensic
interview, as it was being conducted, from another room. She testified that there was
no way a thirteen-year-old could describe the incidents S.R. spoke of without having 
experienced them. She stated that S.R. was very embarrassed, and the information
received from the interview was not forthcoming.

 Four days after the forensic interview, S.R. received a chronic sexual assault
examination. Leslie Kallus, the sexual assault nurse examiner who performed the
examination on S.R., testified that during the medical history portion of the exam, S.R.
told her that appellant rubbed her "butt" with his "private," placed his fingers in her
"butt," and licked her "front private" more than once. Kallus stated that no injury was
found during the physical examination, which was consistent with both an assault that
had taken place more than 72 hours earlier, and with no assault having occurred.

 As previously noted, several other individuals resided with appellant and S.R.
during the time period the alleged incidents occurred. The defense called five of these
individuals, including S.R.'s mother, to testify as witnesses. None of these witnesses
stated that they had seen any inappropriate behavior or touching on the part of
appellant towards S.R.

 Appellant argues that the evidence is legally and factually insufficient to
support his conviction for the two counts of aggravated sexual assault. In particular,
appellant asserts that the evidence to prove he penetrated the anus of S.R. with his
sexual organ and finger, and penetrated the sexual organ of S.R. with his tongue, is
so weak that it cannot sustain his conviction. To support his argument, appellant
points to the lack of physical evidence of sexual assault and the lack of eyewitnesses. 
Appellant further argues that this Court should abandon the longstanding rule that a
conviction under penal code section 22.021 is supportable on the uncorroborated
testimony of the child victim, a rule which appellant asserts originated from the Austin
Court of Appeals' holding in Hellums v. State. (21)

 Though this Court is not bound by the holdings of the Austin Court of Appeals,
it is bound by the code of criminal procedure. (22) The code explicitly provides that
conviction under penal code section 22.021 is supportable on the uncorroborated
testimony of the victim of the sexual offense; furthermore, the victim is not required
to inform another person of the alleged offense if the victim was seventeen years of
age or younger at the time the offense is alleged to have occurred. (23) This Court has
held as recently as August of 2006 that the testimony of a child sexual abuse victim
alone is sufficient to support a conviction for aggravated sexual assault, (24) and we find
no reason to abandon this position today.

 In the instant case, it is undisputed that the child was not appellant's spouse
and was younger than fourteen years of age at the time of the alleged sexual contact. 
S.R. described the incidents alleged in the indictment that occurred on or about the
alleged dates. She also described the way the sexual conduct felt. The jury, as the
exclusive judge of the credibility of witnesses and the weight to be afforded their
testimony, chose to believe S.R. (25)

 After reviewing this evidence in the light most favorable to the verdict, we
conclude that any rational trier of fact could have found the essential elements of
aggravated sexual assault beyond a reasonable doubt. Therefore, the evidence is
legally sufficient to support the jury's finding that appellant committed two counts of
aggravated sexual assault. 

 Moreover, we conclude that the facts in this case that render the evidence
legally sufficient also render the evidence factually sufficient. After reviewing the
evidence neutrally, we do not find that the proof of guilt is greatly outweighed by
evidence to the contrary, nor is it so weak as to undermine confidence in the jury's
determination. Thus, we further conclude that the evidence was factually sufficient
to support appellant's conviction for two counts of aggravated sexual assault.

 Because we find the evidence both legally and factually sufficient to prove
appellant's conviction for two counts of aggravated sexual assault, we overrule
appellant's sole issue in cause number 13-06-00124-CR.

2. Indecency With a Child

 In regard to his conviction for indecency with a child, appellant argues the
evidence was legally and factually insufficient to prove that he engaged in sexual
conduct with S.R. by touching her breast. S.R. testified that appellant rubbed and
sucked on her breasts. Furthermore, Leslie Kallus, the SANE nurse, testified that
during her examination on March 12, 2004, S.R. told her that a week earlier, while she
was in the shower, appellant opened the curtain and grabbed her breast.

 Again, we note that the jury is the exclusive judge of the credibility of witnesses
and the weight to be given their testimony. (26) A child victim's testimony alone is
sufficient to support a conviction for indecency with a child by contact. (27) Additionally,
testimony regarding a child victim's outcry statement can be sufficient to sustain a
conviction for indecency with a child. (28)

 As to legal sufficiency, viewing the evidence in the light most favorable to the
verdict, we conclude a rational trier of fact could have found beyond a reasonable
doubt that appellant engaged in sexual conduct by touching S.R.'s breast. Also, when
viewed in a neutral light, we conclude that the evidence is not so weak that the jury's
verdict was clearly wrong and manifestly unjust, nor is the contrary evidence so strong
that the standard of proof could not have been met. Accordingly, we hold that the
evidence was factually sufficient to support appellant's conviction for indecency with
a child.

 Because we find the evidence legally and factually sufficient to support
appellant's conviction for indecency with a child, we overrule appellant's sole issue in
cause number 13-06-00126-CR.

E. Conclusion

 Having overruled each of appellant's issues on appeal, we affirm the judgments
of the trial court. _____________________________

 LINDA REYNA YAÑEZ, Justice


Do not publish. Tex. R. App. P. 47.2(b).

Memorandum opinion delivered and filed 

this the 26th day of July, 2007.
1. The aggravated sexual assault charges were brought in trial cause number 04-8-21, 137-D and
appellate cause number 13-06-00124-CR. The first count alleged appellant intentionally or knowingly
penetrated the anus of a child younger than fourteen years of age with his sexual organ and finger. The
second count alleged appellant intentionally or knowingly penetrated the sexual organ of a child younger than
fourteen years of age with his tongue. See Tex. Pen. Code Ann. § 22.021 (Vernon 2003).
2. The indecency with a child charge was brought in trial cause number 04-8-21, 138-D and appellate
cause number 13-06-00126-CR. The charge alleged that appellant, with the intent to arouse or gratify sexual
desire, intentionally or knowingly engaged in sexual conduct with S.R., a child younger than 17 years and not
the spouse of the defendant, by touching her breast. See Tex. Pen. Code Ann. § 22.11 (Vernon 2003).
3. Ordinarily, the statements made by S.R. to these two individuals would be inadmissible at trial as
hearsay. See Tex. R. Evid. 802. However, outcry testimony admitted under article 38.072 of the Texas Code
of Criminal Procedure is admitted as an exception to the hearsay rule, meaning it is considered substantive
evidence, admissible for the truth of the matter asserted in the testimony. Rodriguez v. State, 819 S.W.2d
871, 873 (Tex. Crim. App. 1991). 
4. Jackson v. Virginia, 443 U.S. 307, 318-319 (1979); Powell v. State, 194 S.W.3d 503, 506 (Tex. Crim.
App. 2006); Hampton v. State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005); Escamilla v. State, 143 S.W.3d
814, 817 (Tex. Crim. App. 2004).
5. Jackson, 443 U.S. at 319.
6. Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993) (en banc); Ozuna v. State, 199 S.W.3d
601, 604 (Tex. App.-Corpus Christi 2006, no pet.).
7. See Watson v. State, 204 S.W.3d 404, 414-17 (Tex. Crim. App. 2006).
8. Id. at 415.
9. Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Sharp v. State, 707 S.W.2d 611, 614 (Tex.
Crim. App. 1986).
10. Penagraph v. State, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981).
11. Id.; Ozuna, 199 S.W.3d at 605.
12. Johnson v. State, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000).
13. Tex. Pen. Code Ann. § 22.021(a)(1)(B)(i), (a)(2)(B) (Vernon Supp. 2006).
14. Tex. Code Crim. Proc. Ann. art. 38.07 (Vernon 2005); Garcia v. State, 563 S.W.2d 925, 928 (Tex.
Crim. App. 1978); Ozuna, 199 S.W.3d at 606.
15. Ketchum v. State, 199 S.W.3d 581, 590 (Tex. App.-Corpus Christi 2006, pet ref'd); see Villalon v.
State, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990).
16. Garcia, 563 S.W.2d at 928; Kemple v. State, 725 S.W.2d 483, 485 (Tex. App.-Corpus Christi 1987,
no writ).
17. See Rodriguez, 819 S.W.2d at 873; Kimberlin v. State, 877 S.W.2d 828, 831 (Tex. App.-Fort Worth
1994, pet. ref'd).
18. Tex. Pen. Code Ann. § 21.11(a)(1) (Vernon 2003). 
19. Id. § 21.11(c)(1).
20. McKenzie v. State, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981); see Robertson v. State, 871
S.W.2d 701, 705 (Tex. Crim. App. 1993).
21. Hellums v. State, 831 S.W.2d 545, 547 (Tex. App.-Austin 1992, no pet.).
22. See Tex. Code Crim. Proc. Ann. art. 1.02 (Vernon 2005).
23. Id. art. 38.07 (Vernon 2005).
24. See Ketchum, 199 S.W.3d at 590.
25. See Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979).
26. Id.; Sharp, 707 S.W.2d at 614.
27. See Tex. Code Crim. Proc. Ann. art. 38.07 (Vernon 2005).
28. See Rodriguez, 819 S.W.2d at 873; Gallegos v. State, 918 S.W.2d 50, 55 (Tex. App.-Corpus
Christi 1996, pet ref'd).