# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00846-CR

**David Villareal, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. 3031484, HONORABLE JON N. WISSER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant David Villareal guilty of two counts of aggravated sexual assault of a child and two counts of indecency with a child. *See* Tex. Penal Code Ann. § 21.11 (West 2003), § 22.021 (West Supp. 2007). The district court assessed punishment for each count at eighteen years' imprisonment. Appellant contends that the evidence is legally and factually insufficient to sustain the convictions. We find the evidence to be sufficient. We also conclude that unassigned jury charge error did not result in egregious harm to appellant. Accordingly, we affirm the judgments of conviction.

The indictment contained five counts:

- Count one alleged that on or about February 28, 2003, appellant penetrated the female sexual organ of F.V., a child younger than fourteen, with his finger. *Id*. § 22.021(a)(1)(B)(i), (2)(B).

- Count two alleged that on or about February 28, 2003, appellant engaged in sexual contact with F.V. by touching her genitals with the intent to arouse and gratify his sexual desire. *Id*. § 21.11(a)(1), (c)(1).

- Count three contained two paragraphs. The first paragraph alleged that on or about December 1, 2002, appellant penetrated F.V.'s anus with his sexual organ. *Id*. § 22.021(a)(1)(B)(i), (2)(B). The second paragraph alleged that on or about the same date, appellant caused F.V.'s anus to contact his sexual organ. *Id*. § 22.021(a)(1)(B)(iv), (2)(B).[1]

- Count four alleged that on or about December 1, 2002, appellant engaged in sexual contact with F.V. by touching her breast with the requisite intent. *Id*. § 21.11(a)(1), (c)(1).

- Count five also contained two paragraphs. The first paragraph alleged that on or about June 13, 2003, appellant engaged in sexual contact with F.V. by touching her breast. *Id*. § 21.11(a)(1), (c)(1). The second paragraph alleged that on or about the same date, appellant engaged in sexual contact with F.V. by causing her to touch his genitals. *Id*. § 21.11(a)(1), (c)(2).[2]

The jury returned verdicts of guilty on counts one, three, four, and five.[3]

---

[1] The two aggravated sexual assaults alleged in count three are separate statutory offenses. *See Vick v. State*, 991 S.W.2d 830, 833 (Tex. Crim. App. 1999) (holding that each separately described conduct in section 22.021(a)(1)(B)(i)-(v) is separate statutory offense). If the State wishes to allege multiple statutory offenses in a single indictment, it should set out each separate offense in a separate count. Tex. Code Crim. Proc. Ann. art. 21.24(a) (West 1989); *Martinez v. State*, 225 S.W.3d 550, 554 (Tex. Crim. App. 2007). Paragraphs within a single count should be used to allege different methods of committing the same statutory offense. Tex. Code Crim. Proc. Ann. art. 21.24(b); *Martinez*, 225 S.W.3d at 554.

[2] As in count three, the two paragraphs in count five alleged separate statutory offenses rather than different methods of committing a single statutory offense. *See Pizzo v. State*, No. PD-1765-05, 2007 Tex. Crim. App. LEXIS 1232, at *19 (Tex. Crim. App. Sep. 26, 2007) (holding that touching child's anus, touching child's breast, and touching child's genitals are three distinct statutory offenses).

[3] The trial court submitted count two to the jury as a lesser included offense of count one. As instructed, the jury did not return a verdict on count two because it found appellant guilty under count one.

*Evidence Sufficiency*

The complainant, F.V., is appellant's step-daughter. She was fifteen years old at the time of trial. F.V. testified that appellant began sexually molesting her in 1997, when she was seven years old, and that this conduct continued until 2002, when she was twelve. F.V. said that when the misconduct began, appellant would crawl into bed with her and fondle her breasts while she pretended to sleep. Later, appellant began to take F.V.'s hand and move it to his penis, where he would cause her to masturbate him. F.V. testified that appellant would also touch her "in my vagina," placing his finger "[a] little bit inside." F.V. also described an incident in which appellant removed her pants and penetrated her anus with his penis; the record suggests that this conduct happened only once. Although F.V. testified that appellant's conduct ended in 2002, she later said that the last abusive incident took place in June 2003. She recalled that on this occasion, appellant did "the same things that he would usually do."

It was also in June 2003 that F.V. made her first outcry, to her cousin and aunt. One week later, she informed her mother of appellant's conduct. F.V.'s mother, aunt, and two Austin police officers testified to F.V.'s outcry. The doctor who examined F.V. testified that she had a "normal physical examination" that was "consistent with her history of fondling and a single episode of rectal penetration but not proof that that had happened."

The defense called two witnesses, F.V.'s twelve and fourteen-year-old cousins. The younger cousin, to whom F.V. made her first outcry, testified that F.V. told her before making the outcry that she had seen appellant with another woman and that "she wants to get back at [appellant]" for "cheating" on her mother. The older cousin testified similarly. She said that F.V.

3

told her that she had seen appellant with another woman sitting in his lap, and that they were hugging. This witness testified that F.V. spoke of her intention to "get back at [appellant] for cheating on her mom." She added that F.V. also complained that her mother was paying too much attention to appellant and to an infant cousin.

In a legal sufficiency review, all the evidence is reviewed in the light most favorable to the verdict to determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981). It is assumed that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Griffin*, 614 S.W.2d at 159 (citing *Jackson*, 443 U.S. at 318-19).

Appellant observes that his conviction rests solely on F.V.'s testimony; the State's other witnesses merely recounted F.V.'s outcry statements. Appellant acknowledges that F.V.'s testimony was sufficient to support a finding that he committed each element of the offenses alleged in counts one, three, four, and five. Moreover, appellant concedes that in prosecutions for indecency with and aggravated sexual assault of a child, a conviction may be supported by the uncorroborated testimony of the complaining witness. *See* Tex. Code Crim. Proc. Ann. art. 38.07 (West 2005); *Hellums v. State*, 831 S.W.2d 545, 547 (Tex. App.—Austin 1992, no pet.). Nevertheless, appellant urges that *Hellums* should be reconsidered "in light of the many grants of relief, some many years after conviction, where new DNA or other evidence has shown that single witness testimony is wrong whether because of simple mistake or, as is possible here, vindictive motives of the complaining witness." Whatever the merits of appellant's argument, it is an argument that must be

made to the legislature, as this Court's holding in *Hellums* was simply an application of article 38.07.[4]  Points of error one, three, five, and seven are overruled.

In a factual sufficiency review, we also ask whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  However, all the evidence is considered equally, including the testimony of defense witnesses and the existence of alternative hypotheses. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); *Orona v. State*, 836 S.W.2d 319, 321 (Tex. App.—Austin 1992, no pet.).  Although due deference still must be accorded the fact finder's determinations, particularly those concerning the weight and credibility of the evidence, the reviewing court may disagree with the result in order to prevent a manifest injustice. *Johnson*, 23 S.W.3d at 9; *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  The evidence will be deemed factually insufficient if the evidence supporting the verdict is so weak as to make the finding of guilt clearly wrong or manifestly unjust, or if the verdict is against the great weight and preponderance of the available evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006); *Johnson*, 23 S.W.3d at 11.

Appellant argues that even if F.V.'s testimony is legally sufficient to sustain his convictions, we should deem the evidence to be factually insufficient in light of the defensive testimony raising the possibility that F.V. fabricated her accusations against appellant in order to

---

[4]  After *Hellums* was decided, the legislature amended article 38.07 to extend the time allowed for outcry (from six months to one year) and to increase the age below which outcry is not required (from younger than fourteen years to seventeen years or younger). *See* Act of May 10, 1993, 73d Leg., R.S., ch. 200, § 1, 1993 Tex. Gen. Laws 387.

punish him for his perceived disloyalty to F.V.'s mother. The jury was in the best position to assess the relative credibility of F.V. and her cousins, however, and we must give due deference to its determinations. The evidence supporting the jury's guilty verdicts is not so weak as to make the findings of guilt clearly wrong or manifestly unjust, nor are the verdicts against the great weight and preponderance of the available evidence. Points of error two, four, six, and eight are overruled.

### *Charge Error*

In our review of the record, we have noticed unassigned error in the jury charge that merits discussion in the interest of justice. *See Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006) (holding that court of appeals did not err by reaching unassigned fundamental charge error). As mentioned previously, the indictment in this cause alleged two different statutory offenses in both count three (aggravated sexual assault by penetration of the F.V.'s anus and aggravated sexual assault by contact between F.V.'s anus and appellant's sexual organ) and count five (indecency by touching F.V.'s breasts and indecency by causing F.V. to touch appellant's genitals). *See supra* notes 1 and 2. This indictment error led to error in the jury charge. With respect to count three, the trial court authorized appellant's conviction for aggravated sexual assault of a child if the jury found beyond a reasonable doubt that he penetrated F.V.'s anus with his sexual organ or that he caused F.V.'s anus to contact his sexual organ, but the court did not require the jury to agree as to which of the two offenses he committed. The court likewise authorized appellant's conviction for indecency with a child under count five if the jury found beyond a reasonable doubt that he touched F.V.'s breasts or that he caused F.V. to touch his genitals, but it did not require jury unanimity as to the specific offense committed. In both instances, the court

6

violated the jury unanimity requirement by allowing the jurors to choose between two different statutory offenses without requiring them to agree as to which offense appellant was guilty of committing. *Ngo v. State*, 175 S.W.3d 738, 747-49 (Tex. Crim. App. 2005); *see Martinez v. State*, 212 S.W.3d 411, 420 (Tex. App.—Austin 2006, pet. ref'd) (applying *Ngo* in prosecution for aggravated sexual assault of child).

Because there was no objection to the charge, reversible error is presented only if the record shows that the error was so egregious and created such harm that appellant did not receive a fair and impartial trial. *Jiminez v. State*, 32 S.W.3d 233, 237-38 (Tex. Crim. App. 2000); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). We base our harm determination on a review of the record as a whole. *Almanza*, 686 S.W.2d at 174.

In *Ngo*, the charge error was compounded by the State's jury argument, in which the jury was repeatedly told that it need not unanimously agree as to which statutory offense the defendant was guilty of committing. *See* 175 S.W.3d at 750-51. In the instant cause, on the other hand, the State did not mention during its jury argument the two alternative statutory offenses submitted under counts three and five and never told the jury that its verdict on these counts did not have to be unanimous. Moreover, unlike *Ngo*, the alternative statutory offenses submitted to the jury under counts three and five were not mutually exclusive. *See id*. at 751-52 (holding that defendant could not be guilty of both stealing credit card and receiving stolen credit card from thief). In fact, with respect to count three, F.V. testified to a single act of anal penetration by appellant's penis, an act that necessarily resulted in contact between F.V.'s anus and appellant's penis. F.V. did not testify to any other act or acts of contact between her anus and appellant's penis. Thus, we can be certain

that the jurors unanimously found appellant guilty of both penetrating F.V.'s anus with his penis and causing her anus to contact his sexual organ on or about December 1, 2002. We conclude that the disjunctive submission of the two distinct statutory offenses alleged in count three without requiring jury unanimity as to either did not result in egregious harm to appellant.

With regard to count five, F.V. testified that appellant both touched her breasts and caused her to touch his genitals on numerous occasions. By its verdict convicting him under count four, the jury unanimously determined beyond a reasonable doubt that appellant touched F.V.'s breast on or about December 1, 2002. There is nothing in the record to suggest that a juror might have had a reasonable doubt as to whether appellant also touched F.V.'s breast on or about June 13, 2003 as alleged in count five. Nor is there anything in the record to suggest that a juror would believe that appellant was guilty of repeatedly touching F.V.'s breasts but harbor a reasonable doubt as to whether he ever caused her to touch his genitals. Appellant's defensive strategy was to undermine F.V.'s credibility by adducing evidence that she had a bias against him. In other words, appellant's defensive theory, which he articulated in his jury argument, was that the State had failed to prove beyond a reasonable doubt that he was guilty of *any* of the offenses alleged against him. The jury obviously resolved the credibility issue in F.V.'s favor. We conclude that the disjunctive submission of the two distinct statutory offenses alleged in count five without requiring unanimity as to either did not result in egregious harm to appellant.

The judgments of conviction are affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Puryear and Henson

Affirmed

Filed:  December 5, 2007

Do Not Publish